UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
UNITED STATES OF AMERICA                  :
                                          :        CASE NO. 4:08-CR-334
                 Plaintiff,               :
                                          :
vs.                                       :        OPINION & ORDER
                                          :        [Resolving Doc. Nos. 72, 73.]
THOMAS L. RAVER                           :
                                          :
                 Defendant.               :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is Defendant Thomas L. Raver's Rule 33 motion for a new trial.  [Doc. 72.]

This motion follows Raver's jury conviction of being a felon in possession of a firearm in violation

of 18 U.S.C. 922(g)(1) on November 17, 2008.  [Doc. 67.]

        The charge against Raver arose from his conduct on the night of January 14, 2008.  On this

date, a Youngstown police officer who was responding to a report of possible gunshots in the area

of Dunlop Street in Youngstown, Ohio observed Raver holding a rifle in his hand while standing in

the backyard of 162 South Dunlop Street.  Trial Tr. at 67-68.  After the officer requested that Raver

drop the rifle, Raver refused to do so, stating that the officer "wasn't going to take his gun."  Id. at

70.  The officer then grabbed the rifle, taking it out of Raver's hands.  Id.

        Prior to trial, the parties entered a stipulation that Raver had previously been convicted of a

felony.  Id. at 111.  To excuse his possession of the firearm, Raver presented the justification defense

at trial.  Id. at 64.  In support of that defense, Raver argued that he was justified in possessing the rifle

Case No. 4:08-CR-334
Gwin, J.

because he was attempting to protect his elderly neighbor, who had called him because she thought that an intruder was breaking into her home. *Id.*

 Following his jury conviction, Raver moved the Court for a new trial on November 22, 2008. [Doc. 72.] Raver argued that the prosecutor made improper statements during his closing arguments. In particular, Raver contended that there was no evidence presented during trial to support the prosecutor's statements that Raver had kept the loaded rifle in his home prior to being seen with it outside. [*Id.* at 2.] Raver's counsel had objected to these alleged misrepresentations at side bar, but he was overruled. [*Id.*] On November 24, 2008, the Government opposed Raver's motion. [Doc. 73.] For the reasons presented below, the Court **DENIES** Defendant Raver's Rule 33 motion for a new trial.

## I. Legal Standard

 Rule 33 of the Federal Rules of Criminal Procedure states that "the court may grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). A defendant may base a Rule 33 motion on newly-discovered evidence or misconduct by the prosecutor or the court. *See, e.g.*, *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999). The trial court has broad discretion to grant a Rule 33 motion. *See, e.g.*, *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). A court should "exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.*

 The Sixth Circuit has adopted a two-part approach for determining when prosecutorial misconduct warrants a new trial. *See* *United States v. Carroll*, 26 F.3d 1380, 1385-87 (6th Cir.1994). Under this approach, a court must first analyze whether the prosecutor's conduct and remarks were improper. *Id.* at 1387; *see also* *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir.2000).

Case No. 4:08-CR-334
Gwin, J.

In doing so, a court must examine the prosecutor's statements within the context of the trial.  *See United States v. Young*, 470 U.S. 1, 11-12 (1985); *United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir.), *cert. denied*, 519 U.S. 872 (1996).

If the remarks were improper, the court must then consider and weigh the four factors in determining whether the impropriety was flagrant, thereby warranting reversal or the grant of a new trial:  (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.  *Carroll*, 26 F.3d at 1385; *see also Boyle*, 201 F.3d at 717; *Collins*, 78 F.3d at 1039.  If the prosecutor's remarks were not flagrant, then the court may only reverse or grant a new trial "'if proof of [the defendant's] guilt was not overwhelming, [the defendant] objected to the improper remarks, and the court failed to cure the error with an admonishment to the jury."  *United States v. Stover*, 474 F.3d 904, 915 (6th Cir. 2007) (citations omitted).

### III.  Analysis

Defendant Raver moves the Court for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the basis of prosecutorial misconduct.  [Doc. 72.] Specifically, Raver argues that the prosecutor's statements during closing arguments that Raver kept a loaded rifle in his home were improper.  [*Id.* at 2.]  Because the prosecutor's statements were proper in light of the evidence presented at trial, the Court denies Raver's motion.

The Government may prove possession of a firearm by circumstantial evidence and the Sixth Circuit has held that it would not "overturn a felon-in-possession-of-a-firearm conviction 'merely because [the jury] had to draw reasonable inferences to find [the defendant] guilty.'"  *United States*

Case No. 4:08-CR-334
Gwin, J.

*v. Kimbrel*, 532 F.3d 461, 465 (6th Cir. 2008) (citing *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc)). Further, a prosecutor may summarize evidence for a jury during closing argument in a manner that supports the Government's theory of the case despite the fact that the evidence may be subject to conflicting inferences. *See United States v. Kuehne*, No. 06-3668, 2008 WL 4710991, at *15 (6th Cir. 2008); *Stover*, 474 F.3d at 915 (finding that the prosecutor's paraphrasing of the evidence was not improper because "although it is not the only conceivable meaning [of the conversation], it is a meaning supported by the evidence"); *United States v. Drake*, 885 F.2d 323, 324 (6th Cir. 1989) (noting that a prosecutor may "summarize the evidence and comment upon both its quantitative and qualitative significance").

In this case, the prosecutor suggested in his closing arguments that Defendant Raver kept the loaded rifle inside his home prior to taking it outside in an alleged attempt to defend his neighbor from an intruder. Trial Tr. at 169. This suggestion was not improper when placed within the context of the trial, however. When approached by a police officer, Raver indicated that the gun in his hands belonged to him and refused to give it up. *Id.* at 70. Further, in light of Raver's indication that his neighbor called him close to midnight just as he was getting ready for bed and that he rushed out to help her, *id.* at 177, it would be reasonable to infer that Raver obtained the rifle from his own home, as opposed to buying or borrowing it immediately prior to this incident.

Moreover, the prosecutor's remarks did not effectively attack or obviate Raver's justification defense. They were primarily made to support the Government's contention that Raver had a reasonable, legal alternative to violating the law – he could have armed himself with a knife or a baseball bat rather than with a gun. *Id.* at 1168. The prosecutor did state that "[t]his crime started when [Raver] made the decision to keep a loaded gun with him [at his house]." *Id.* at 172. This

-4-

Case No. 4:08-CR-334
Gwin, J.

statement, however, also did not single-handedly destroy Raver's justification argument.  To satisfy
the fifth element of the justification defense, Raver was required to demonstrate that he did not
maintain the illegal conduct any longer than was absolutely necessary.  *Id.* at 170.  Although the
prosecutor's statement suggested that Raver possessed the rifle for longer than absolutely necessary,
testimony elicited at trial regarding the fact that Raver refused to drop the weapon or hand it over
to the police when asked to do so greatly – if not totally – diminished the importance of this
statement.  *Id.* at 70.

Thus, Raver does not demonstrate that the statements made by the prosecutor during closing
arguments were improper.  In addition, even if the remarks could be deemed improper, they would
not be considered flagrant because they did not mislead the jury or prejudice the defendant and they
were isolated as opposed to extensive.  Most significantly, the evidence against Raver was strong.
Because Raver's case does not present an "extraordinary circumstance where the evidence
preponderates heavily against the verdict," *Ashworth*, 836 F.2d 266, the "interest of justice" does
not require that the Court grant a new trial and, consequently, the Court will not do so.

## IV.  Conclusion

For these reasons, the Court **DENIES** Defendant Thomas L. Raver's Rule 33 motion for a
new trial.

IT IS SO ORDERED.

Dated: December 3, 2008                     s/            *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE